UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:04cr146 (MRK) |
| | : | |
| TREMAINE WARD | : | |

## RULING AND ORDER

On September 21, 2005, this Court sentenced Tremaine Ward to a sentence of 151 months in prison, followed by five years of supervised release, after he pleaded guilty to conspiring to possess with intent to distribute and to distribute cocaine base. *See* Judgment [doc. # 428]. After the Second Circuit remanded Mr. Ward's case back to this Court for further proceedings consistent with *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008) (per curiam), the Court held a resentencing hearing and resentenced Mr. Ward in 2008 to a non-guideline sentence of 120 months—the statutory minimum.

Mr. Ward has now moved for a modification of his sentence in light of the recent, retroactive changes to the crack cocaine sentencing guidelines. *See* United States Sentencing Guidelines Manual § 2D1.1 (2011) (new guidelines); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July 13, 2011) (on retroactivity). For the following reasons, the Court is not able to modify Mr. Ward's sentence.

Mr. Ward correctly notes that 18 U.S.C. § 3582 allows courts to reduce the term of imprisonment of defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Courts may only reduce a sentence, however, "if such a reduction is consistent with

1

applicable policy statements issued by the Sentencing Commission." *Id.*; *see also Dillon v. United States*, 130 S. Ct. 2683 (2010).

The Sentencing Commission's policy statement makes clear that amendments to the guidelines do not affect defendants whose sentences were based not on the guidelines, but instead on a statutory minimum set by Congress. As the Commentary to § 1B1.10 of the Guidelines says, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment [to the guidelines] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 1(A); *see also United States v. Williams*, 551 F.3d 182, 185-86 (2d Cir. 2009) ("Once the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(2))).

Put more directly: the guidelines ranges for crack cocaine have changed. But on resentencing, Mr. Ward was not sentenced according to the guidelines. His sentence was based on the statutory minimum in what was then 21 U.S.C. § 841(b)(1)(A). In 2005 and 2008—when Mr. Ward was sentenced and resentenced—50 grams of crack led to a ten year mandatory sentence. As Mr. Ward points out, crimes involving 50 grams of crack would now fall under 21 U.S.C. § 841(b)(1)(B), requiring a mandatory minimum sentence of five years. This is the result of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

However, unlike the new sentencing guidelines for crack cocaine, the Fair Sentencing Act does not apply retroactively. *See United States v. Acoff*, 634 F.3d 200 (2d Cir. 2011) (per

curiam); *United States v. Diaz*, 627 F.3d 930 (2d Cir. 2010) (per curiam). Mr. Ward is understandably troubled by the disparity between sentences imposed before and after the Fair Sentencing Act took effect. *See* Reply [doc. # 639] at 3. He is not alone. *See Acoff*, 634 F.3d at 203 (Calabresi, J., concurring) ("[T]here is something troubling about this result with regard to a statute whose grossly different treatment of chemically identical drugs . . . has been criticized and questioned, particularly on grounds of racial injustice."). But just as Congress was not required to change the minimum sentences for crack in 2010, neither was it required to make the new minimum sentences retroactive once it changed them. Because Congress did not choose to apply its revised sentencing scheme retroactively, this Court has no power to reduce Mr. Ward's Congressionally-mandated term of imprisonment.

When the Court resentenced Mr. Ward in 2008, it noted that it was imposing a sentence below the applicable guideline range in part because of the "great strides" that Mr. Ward had taken during his first four years in prison. The Court learned recently of the significant writing Mr. Ward has done and the support system he has developed in the years since then. Despite these additional strides, however, Mr. Ward's mandatory sentence prevents the Court from further reducing his term of imprisonment. While the Court regrets the disappointment that this will cause Mr. Ward and those who await his return home, his Motion for Reduction of Sentence [doc. # 636] must be DENIED.

**IT IS SO ORDERED.**

 /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 23, 2011.**